Green, J.
delivered the opinion of the court.
This court has no jurisdiction of this cause. The record does not show any action of the chancery court upon it. There is no judgment or decree of that court. The entry is in substance an agreement of the parties to transfer the cause to this court; or it may be taken as a dismission by the complainants of their suit. It expresses the assent of the court to what the parties did, but no action of the court in rendering the judgment or decree. It is in these words: “Be it remembered, that this cause coming on to be heard before the Honorable William B. Reese, one of the chancellors of the State of Tennessee, now presiding in the district chancery court held at Paris, upon the answers, replications, exhibits and depositions, when it appeared that the court is not advised upon the law arising on the case; whereupon, by agreement of the parties, with the assent of the court, a decree pro forma, is entered against the complainants, and that said bill be dismissed at their costs; from which decree the complainants pray an appeal, &c. Here we are told the court was not advised of the law, and consequently would not act, but the parties agree that the bill be dismissed at the complainant’s costs.
The record does not speak in the language of the court, but of the parties. The court assented to what they agreed to do.
Suppose this court should proceed with the cause, and should be of opinion that the complainant is entitled to a decree, could we say the chancery court had acted erroneously, when it had not acted at all? Could we say that the decree should be reversed, when there was ,no decree? The act of 1819, ch. 31, sec. 2, allows an appeal from the chancery court to this court; but that is in case the party shall be dissatisfied with the judgment or decree of the chancery court. He may not voluntarily dismiss his *68 suit, and appeal from what he does himself. Such pro-ceecungs cannot comer on tins court jurisdiction.
Appeal dismissed.